UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. 2: 12-cv-01212-MCE-KJN |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| TABATAH et al., | |
| Defendants. | |

On May 4, 2012, J & J Sport's Production ("Plaintiff") filed an action against Shateh Tabatah ("Tabatah") the owner of JJ Fish and Chicken ("JJ Fish") (collectively referred to as "Defendants").  Plaintiff alleges that Tabatah unlawfully intercepted Plaintiff's boxing broadcast, aired it at JJ Fish, and Tabatah earned money from illegally airing the boxing match.  (ECF No. 1.)  Defendant's Amended Answer included nine affirmative defenses.  (ECF No. 10.)  On January 3, 2013, Plaintiff filed this Motion to Strike.  (ECF No. 13.)  Defendants oppose it.  (ECF No. 14.)[1]  Based on the reasons below, the Court grants Plaintiff's motion in part and denies Plaintiff's motion in part.

///

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

**STANDARD**

The Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Federal courts view motions under Rule 12(f) with disfavor and infrequently grant them. 5C Charles Alan Wright et al., Federal Practice and Procedure § 1380 (3d ed. 1998). The Court views the pleading under attack "in the light most favorable to the pleader." Garcia ex rel. Marin v. Clovis Unified Sch. Dist., 2009 WL 2982900, at *23 (E.D. Cal. Sept.14, 2009).

In order for a court to determine that a defense is "insufficient" as Rule 12(f) requires, the Court "must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." J & J Sports Productions, Inc. v. Delgado 2011 WL 219594, at *1-2 (E.D. Cal. Jan. 19, 2011) (quoting Schmidt v. Pentair, Inc., 2010 WL 4607412, at *2 (N.D. Cal. Nov. 4, 2010)); see also Bassett v. Ruggles et al., 2009 WL 2982895, at *24 (E.D. Cal. Sept.14, 2009); Lopez v. Wachovia Mortg. 2009 WL 4505919, at *5 (E.D. Cal. Nov. 20, 2009). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994) (internal citations and quotations omitted). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal citations and quotations omitted). Redundant matter includes "needless repetition of other averments or [allegations that] are foreign to the issue." Sliger v. Prospect Mortg., LLC, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011).

///

///

The Ninth Circuit has cautioned that if "the [C]ourt is in doubt as to whether challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." Id. (quoting Whittlestone, Inc. v. Handi-Craft Co. 618 F.3d 970, 973 (9th Cir. 2010)).

## ANALYSIS

The Court's analysis begins by determining whether Defendants' affirmative defenses are (1) insufficient; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous as Rule 12(f) motion requires. After reviewing Defendants' Answer, Plaintiff's Motion to Strike, and Defendants' Opposition to Plaintiff's Motion to Strike, the Court concludes that most of Plaintiff's Motion should be denied, however, the Court will grant Plaintiff's Motion as it relates to the affirmative defenses below. (ECF Nos. 10, 13, and 14.)

The Court strikes Defendants' first affirmative defenses titled "Failure to State a Claim." Failure to state a claim is not an affirmative defense. J & J Sports Productions, Inc. 2011 WL 219594, at *1; J&J Sports Productions, Inc. v. Montanez , 2010 WL 5279907 * at 1 (E.D. Cal. Dec. 3, 2010). If Defendants wish to argue that Plaintiff failed to state a claim, Defendants should file a 12(b)(6) Motion to Dismiss.

Because the Ninth Circuit has directed the Court to deny Rule 12(f) Motions if the Court is uncertain whether an affirmative defense is sufficient, the Court denies the remaining portions of Plaintiff's Motions to Strike.

///
///
///
///
///

**CONCLUSION**

Based on the foregoing reasons, the Court GRANTS Plaintiff's Motion to Strike Defendants' first affirmative defense, but DENIES the remaining portion of Plaintiff's Motion. (ECF No. 11.)

IT IS SO ORDERED.

Dated:   March 6, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE